IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **RUBY ELEVERA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:22-cv-867-SDJ-KPJ |
| **STATE FARM LLOYDS,** | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant State Farm Lloyds's ("Defendant") Partial Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) (the "Motion") (Dkt. 13). Plaintiff Ruby Elevera ("Plaintiff") filed a response (Dkt. 15), and Defendant filed a reply (Dkt. 16). For the reasons that follow, the Court recommends the Motion (Dkt. 13) be **GRANTED**.

**I.     BACKGROUND**

On September 9, 2022, Plaintiff filed her original petition in the 199th District Court, Collin County, Texas against State Farm Lloyds, Inc. *See* Dkt. 1 at 1; Dkt. 5. On October 10, 2022, Defendant filed a Notice of Removal (Dkt. 1), wherein Defendant removed the case to this Court on the basis there is diversity jurisdiction. *See id.*

In the complaint (Dkt. 5), Plaintiff alleges she purchased an insurance policy from Defendant and specifically bought a replacement cost policy, which Plaintiff asserts was in force in April 2021. *See id.* at 2. Plaintiff alleges she discovered a leak in her bedroom in early April 2021, and "quickly had a plumber come to locate the source of said leak." *Id.* at 3. Plaintiff asserts

the plumber discovered extensive damage resulting from the leak caused by freezing that took place in February 2021. *See id.* Plaintiff alleges Defendant sent a mitigation company to Plaintiff's home to remedy the situation "but now [Defendant] refuses to pay for the charges." *Id.* Plaintiff alleges she hired a licensed public adjuster "who found over $155,000.00 in damages to . . . Plaintiff's property." *Id.* Plaintiff alleges Defendant "didn't come out to the property to conduct an estimate until April 23, 2021, and only estimated $5,238.48 of damages less the Plaintiff's deductible only netting [Plaintiff] payment of $344.48." *Id.* Plaintiff asserts that in May 2021, Defendant conducted another estimate "finding $0 dollars in damage." *Id.* Plaintiff asserts she invoked the appraisal portion of the insurance policy on May 16, 2022; however, Defendant refused to proceed with this process. *See id.* at 6.

Plaintiff alleges a cause of action under Texas Insurance Code Section 541.151, asserting Defendant violated Sections 541.060(a)(1), 541.060(a)(2), 541.060(a)(4), 541.060(a)(7), 541.061(1), 541.061(2), 541.061(3), 542.003(b)(1), and 542.003(b)(4) because Defendant had a responsibility to not misrepresent material facts to Plaintiff, to attempt in good faith to effectuate a prompt, fair, and equitable settlement, to affirm or deny coverage within a reasonable amount of time, to conduct a reasonable investigation with respect to the claim, to properly state all material facts and not make an untrue statement of material fact, and to not make a statement in a manner that would mislead a reasonably prudent person to a false conclusion of material fact. *See* Dkt. 5 at 6–7. Plaintiff further alleges Defendant's conduct constitutes a non-prompt payment of Plaintiff's insurance claim pursuant to Texas Insurance Code Sections 542.055, 542.056, 542.058, and 542.060. *See* Dkt. 5 at 7–8. Plaintiff further alleges Defendant's failure to adequately and reasonably investigate and evaluate Plaintiff's claim constitutes a breach of the common law duty of good faith and fair dealing, as a "special relationship arises because of the parties' unequal

bargaining power and the nature of insurance contracts, which would allow unscrupulous insurers to take advantage of . . . Plaintiff's misfortunes in bargaining for settlement or resolution of claims." *Id.* at 8–9. Finally, Plaintiff alleges Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff. *See id.* at 9. Plaintiff seeks money damages greater than $200,000 but no more than $1,000,000. *See id.* at 11.

On November 15, 2022, the case was referred to the undersigned. *See* Dkt. 7. On November 16, 2022, the Court entered an Order Governing Proceedings (Dkt. 8) setting a Rule 16 Management Conference on January 19, 2023. *See id.* at 1. On January 5, 2023, the Court entered an Order and Advisory (Dkt. 9) advising the parties of the pleading requirements under Federal Rule of Civil Procedure 8(b) and Federal Rule of Civil Procedure 9 and ordering the parties to replead as necessary to comply with such rules. *See* Dkt. 9 at 1. On January 19, 2023, the Court held the Rule 16 Management Conference (Dkt. 11) and entered a Scheduling Order (Dkt. 12) setting forth in relevant part the deadline for Plaintiff to file amended pleadings as April 13, 2023, and for Defendant to file amended pleadings as April 27, 2023. *See* Dkt. 12 at 1.

On February 24, 2023, Defendant filed its amended answer (Dkt. 14) and the Motion (Dkt. 13). In the Motion (Dkt. 13), Defendant asserts that "Plaintiff's claims for violations of the Insurance Code/DTPA [] based on alleged misrepresentations are subject to the heightened pleading requirements for fraud claims set out in [Federal Rule of Civil Procedure] 9(b)." Dkt. 13 at 3. Defendant argues Plaintiff has failed to "push her extra-contractual claims over the line of facial plausibility." *Id.* at 4. Defendant argues Plaintiff's allegations regarding her public adjuster finding over $155,000 in damages to Plaintiff's property, Defendant's second estimate finding zero dollars in damages, and Plaintiff's four pictures showing purported damage to her shower "are the extent of factual allegations in Plaintiff's Petition." *Id.* at 4. Defendant argues that

3

Plaintiff's other allegations are largely conclusory. *See id.* at 5. Specifically, Defendant argues Plaintiff fails to provide any factual allegation regarding information Defendant allegedly failed to disclose, which of Defendant's specific statements were misrepresentations of material facts, or what was insufficient about Defendant's explanations for its decisions with respect to her insurance claim or its investigation. *See id.* at 7. Defendant finally asserts that Plaintiff's extra-contractual claims fail to meet Rule 9(b)'s requirements and that "[p]ost loss statements regarding coverage and the cause damage to the property at issue, by definition, 'are not misrepresentations under the Insurance Code.'" *Id.* at 13 (quoting *Ripley v. State Farm Lloyds*, No. 4:19-CV-1066-A, 2020 WL 1643400, *2 (N.D. Tex. April 1, 2020)).

Plaintiff responds that she has not sued Defendant for any violation of the Deceptive Trade Practices Act ("DTPA") or asserted a cause of action for fraud; therefore, Defendant's argument regarding Plaintiff's alleged improperly pleaded claims is inapplicable "to those causes of action which were not pled." Dkt. 15 at 5. Plaintiff further argues that she sufficiently pleaded her extra-contractual claims and that caselaw "expressly distinguishes pleading standards between insurance code claims that involve allegations of fraud (which are subject to the heightened pleading requirements of Rule 9(b)) and those that do not (to which Rule 8 standards apply)." *Id.* at 5–6 (citing *Singer v. State Farm Lloyds*, No. 3:19-CV-1672-E, 2020 WL 5250551, at *1 (N.D. Tex. Sept. 3, 2020)). Plaintiff asserts that she sufficiently alleged her Texas Prompt Payment of Claims Act ("TPPCA") claims, as "Defendant unreasonably delayed their investigation of the loss by not visiting the property," Defendant's investigation finding $5,238.48 in damage, "despite evidence from an actual contractor that the damages were far great[er]" shows the investigation "was conducted merely as pretext for denying the claim," and the adjuster hired by Plaintiff found damages in excess of $150,000.00. *Id.* at 7–8. Plaintiff finally argues she has sufficiently pleaded

4

her good faith and fair dealing cause of action because Plaintiff has alleged her insurer failed to conduct a reasonable investigation. *See id.* at 8.

In its reply (Dkt. 16), Defendant argues Plaintiff's Texas Insurance Code claims based on alleged misrepresentations are subject to the heightened pleading standard of Rule 9(b) and Plaintiff's other claims, including her TPPCA claim, that do not sound in fraud are not sufficient under Rule 8(a). *See id.* at 2, 6–7. Defendant further argues Plaintiff's alleged facts are insufficient to support her remaining Texas Insurance Code Chapter 541 claims and "[a]t most, the allegations demonstrate that there is a bona fide coverage dispute between Plaintiff and State Farm." *Id.* at 4. Finally, Defendant argues that Plaintiff does not allege in her complaint that Defendant conducted a pretextual investigation and, "[e]ven if it did, such an allegation is clearly conclusory and could not plausibly support a bad faith claim." *Id.* at 8.

## II.   LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). "In evaluating motions to dismiss filed under Rule 12(b)(6), the court 'must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff.'" *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, '[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286,

(1986)). "The well-pleaded facts must permit the court 'to infer more than the mere possibility of misconduct.'" *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint "must allege enough facts to move the claim 'across the line from conceivable to plausible.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011), *as revised* (Dec. 16, 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether the plausibility standard has been met is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

At the motion to dismiss stage, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir.), *cert. denied*, 143 S. Ct. 109 (2022) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

### B.  Federal Rules of Civil Procedure 9(b)

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). "The particularity demanded by Rule 9(b) necessarily differs with the facts of each case." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067–68 (5th Cir. 1994) (citing *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992)). The Fifth Circuit further explained that Rule 9(b) requires "[a]t a minimum . . . that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (citations omitted); *accord Tel–Phonic Servs. , Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir.1992) (citation omitted) (holding that 9(b) requires a plaintiff to plead "the particulars of 'time, place, and contents of the

false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'").

The "particularity demanded by Rule 9(b) is supplemental to the Supreme Court's recent interpretation of Rule 8(a) requiring 'enough facts [taken as true] to state a claim to relief that is plausible on its face.'" *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 570) (alteration in original). Rule 9(b)'s particularity requirement supplements Rule 8(a), which "prohibits any claims that are merely conceivable rather than plausible." *United States ex rel. Integra Med Analytics, L.L.C. v. Baylor Scott & White Health*, 816 F. App'x 892, 897 (5th Cir. 2020) (citing *Iqbal*, 556 U.S. at 680). A claim is "merely conceivable and not plausible if the facts pleaded are consistent with both the claimed misconduct and a legal and obvious alterative explanation." *Id.* (internal citation omitted).

### III. ANALYSIS

In the Motion (Dkt. 13), Defendant argues Plaintiff has failed to state a claim as Plaintiff's conclusory allegations are insufficient under both Rule 9(b) and Rule 8(a). *See id.* Plaintiff responds that her extra-contractual claims are sufficiently pleaded because Rule 9(b) does not apply to her pleadings. *See* Dkt. 15. In the reply (Dkt. 16), Defendant argues Plaintiff's extra-contractual claims sounding in fraud are subject to the heightened pleading standards of Rule 9(b) and those that do not sound in fraud were pleaded insufficiently under Rule 8(a). *See* Dkt. 16. For the reasons that follow, the Court finds Plaintiff has failed to plead her extra-contractual claims under Rule 9(b) and Rule 8(a), respectively.

#### A. Chapter 541 Texas Insurance Code Claims

"An insured's claim for breach of an insurance contract is 'distinct' and 'independent' from claims that the insurer violated its extra-contractual common-law and statutory duties." *USAA Tex.*

7

*Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018) (citations omitted). The Texas Insurance Code provides for a private action for damages to enforce the provisions of Chapter 541. Tex. Ins. Code § 541.151. There is debate among district courts within the Fifth Circuit regarding whether Rule 8(a) or Rule 9(b) applies to such claims. Most courts have "expanded [Rule 9(b)] to include 'all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud.'" *Gonzalez v. State Farm Lloyds*, 326 F. Supp. 3d 346, 350 (S.D. Tex. 2017) (quoting *Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp.2d 734, 742 (S.D. Tex. 1998)). Accordingly, courts have found that "[c]laims alleging violations under the Texas Insurance Code *that are substantively identical to fraud* are subject to the Rule 9(b) pleading requirements." *Carter v. Nationwide Prop. and Cas. Ins. Co.*, Civil Action No. H–11–561, 2011 WL 2193385, at *1 (S.D. Tex. June 6, 2011) (citing *Berry v. Indianapolis Life Ins. Co.*, 608 F.Supp.2d 785, 789, 800 (N.D. Tex. 2009)) (emphasis added) (internal quotations omitted); *but see Jana Food Serv., Inc. v. Nationwide Agribusiness Ins. Co.*, No. 4:16-CV-864-A, 2016 WL 7165973, at *3 (N.D. Tex. Dec. 7, 2016) (applying Rule 9(b) to all Texas Insurance Code claims); *DiNoto v. USAA Cas. Ins. Co.*, No. CIV.A. H-13-2877, 2014 WL 4923975, at *6 (S.D. Tex. Sept. 30, 2014) (same).

Defendant argues Plaintiff has failed to state any extra-contractual claim based on alleged misrepresentations, as they are subject to the heightened pleading requirements of Rule 9(b) and Plaintiff has failed to plead her other extra-contractual claims under Rule 8(a). *See* Dkt. 13 at 3–8. Plaintiff responds that her Chapter 541 Texas Insurance Code claims are not claims for fraud and she has sufficiently pleaded these claims under Rule 8(a). *See* Dkt. 13 at 5–6. In the reply (Dkt. 16), Defendant argues Plaintiff's Texas Insurance Code claims are subject to the heightened pleading standard of Rule 9(b), as they are based on alleged misrepresentations and Plaintiff's

alleged facts are insufficient to support her remaining Texas Insurance Code Chapter 541 claims. *See* Dkt. 16 at 2, 4.

In *Trejo v. Allstate Fire and Casualty Insurance Company*, Magistrate Judge Chestney persuasively explained that the appropriate approach is to apply the heightened pleading standards of Rule 9(b) *solely* to claims that sound in fraud, not to all Texas Insurance Code claims, as such an approach is both "consistent with the plain language of Rule 9(b)" and the Fifth Circuit's admonition that "Rule 9(b) is the exception to liberal federal pleading standards." *Trejo v. Allstate Fire & Cas. Ins. Co.*, No. SA19CV00180FBESC, 2019 WL 4545614, at *7 (W.D. Tex. Sept. 19, 2019), *R. & R. adopted*, 2019 WL 10302169 (W.D. Tex. Nov. 1, 2019) (citing *Tigue Inv. Co. v. Chase Bank of Tex., N.A.*, No. CIV.A.3:03 CV 2490 N, 2004 WL 3170789, at *2 (N.D. Tex. Nov. 15, 2004); *Am. Realty Tr., Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. App'x 662, 668 (5th Cir. 2004)). As such, Plaintiff's extra-contractual insurance claims that sound in fraud are subject to Rule 9(b) and those that do not sound in fraud are subject to Rule 8(a). *See Callaway v. Nationwide Prop. & Cas. Ins. Co.*, No. 4:10-CV-2524, 2011 WL 13272437, at *3 n.1 (S.D. Tex. July 11, 2011) (explaining that not all Texas Insurance Code claims need to be pleaded in compliance with Rule 9(b) (citing *Frith*, 9 F.Supp.2d at 742)).

In the present case, Plaintiff's Texas Insurance Code claims under Sections 541.060(a)(1)[1] ("misrepresenting to a claimant a material fact or policy provision relating to coverage at issue") and 541.061(1)–(3) ("Misrepresentation of Insurance Policy") involve misrepresentation and, are thus, subject to the heightened pleading requirements of Rule 9(b). Plaintiff's pleadings largely track statutory language and are conclusory assertions. *See Mt. Hebron Missionary Baptist Church*

---

[1] Plaintiff also asserts a claim under Texas Insurance Code Section 542.003(b)(1), which tracks Section 541.060(a)(1), with an additional "knowing" element. *See* Tex. Ins. Code § 542.003(b)(1) ("knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue"). Accordingly, for the same reasons below, Plaintiff fails to plead such a claim.

9

*v. Scottsdale Ins. Co.*, No. 4:17-CV-3164, 2018 WL 8755785, at *5 (S.D. Tex. Jan. 25, 2018) ("The Petition lacks any factual allegations supporting Plaintiff's misrepresentation claims. Paragraphs 5.8, 5.8 and 5.9 of the Petition, which affirmatively state Plaintiff's claims under Section 541.061, merely parrot the language of the applicable sections of the Code."); *Urb. Oaks Builders LLC v. Gemini Ins. Co.*, No. 4:19-CV-4211, 2020 WL 7064791, at *6 (S.D. Tex. Dec. 2, 2020), *R. & R. adopted*, 2021 WL 517036 (S.D. Tex. Feb. 11, 2021) (same). Such assertions are insufficient to meet the pleading requirements of Rule 8(a), let alone Rule 9(b).

Plaintiff's claims under Sections 541.060(a)(2)[2] ("failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement"), 541.060(a)(4) ("failing within a reasonable time to affirm or deny coverage of a claim to a policyholder; or submit a reservation of rights to a policyholder"), and 541.060(a)(7) ("refusing to pay a claim without conducting a reasonable investigation with respect to the claim") do not sound in fraud and, therefore, are governed by Rule 8(a). However, similar to the above claims, Plaintiff's allegations under these sections are "threadbare, conclusory allegations without any meaningful support," and Plaintiff fails to allege facts as to how the insurer's liability became reasonably clear, how the affirming or denial of coverage was not within a reasonable time, and how the investigation was not reasonable. *See Mt. Hebron Missionary Baptist Church*, 2018 WL 8755785, at *5 (S.D. Tex. Jan. 25, 2018) (citing *Cavazos v. Sussex Ins. Co.*, No. 7:16-CV-00576, 2016 WL 6471139, at *2 (S.D. Tex. Nov. 2, 2016)); *SHS Inv. v. Nationwide Mut. Ins. Co.*, 798 F. Supp. 2d 811 (S.D. Tex. 2011) ("Similarly [the plaintiff] fails to identify what was inadequate in [the plaintiff's] investigation or what claims were undervalued or how [the defendant] knew that the payments were inadequate, nor does [the

---

[2] Plaintiff also asserts a claim under Texas Insurance Code Section 542.003(b)(4), which largely tracks Section 541.060(a)(2), and for the same reasons Plaintiff fails to plead such a claim. *See* Tex. Ins. Code § 542.003(b)(4) ("not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear").

10

plaintiff] support its contention that is claim was summarily denied."); *Tedder v. USF & G Specialty Ins. Co.*, No. CIV.A. H-10-2676, 2011 WL 1806516, at *5 (S.D. Tex. May 11, 2011) (same).

Accordingly, Plaintiff has failed to plead her Texas Insurance Code Chapter 541 claims under Rule 9(b) and Rule 8(a), respectively.

### B. Texas Prompt Payment Claims

The TPPCA, codified in Texas Insurance Code Chapter 542, "imposes procedural requirements and deadlines on insurance companies to promote the prompt payment of insurance claims." *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 812 (Tex. 2019). "Though the TPPCA's purpose relates specifically to prompt payment of claims, the TPPCA also contains specific requirements and deadlines for responding to, investigating, and evaluating insurance claims." *Id.* (citing Tex. Ins. Code §§ 542.055–.056) (emphasis omitted). "Both the payment deadlines and the non-payment deadlines and requirements are enforceable under the TPPCA, and damages can be imposed for any violation." *Id.* (citing Tex. Ins. Code §§ 542.058, 060).

Defendant asserts Plaintiff has failed to plead her Texas Insurance Code Sections 542.055–.058 claims because "Plaintiff does not plead any facts whatsoever regarding the dates on which she contends [Defendant] acknowledged (or should have acknowledged) receipt of the claim, commenced (or should have commenced) an investigation of the claim, requested (or should have requested) any particular information from Plaintiff, affirmed or denied (or should have affirmed or denied) coverage, or should have paid the amount Plaintiff contends was owed on the claim." Dkt. 13 at 8. Plaintiff responds that Rule 9(b) does not apply to her TPPCA claims. Dkt. 15 at 7. Plaintiff further argues that Defendant made a misrepresentation when it sent a mitigation company and refused to pay mitigation expenses, Defendant "unreasonably delayed [its] investigation of the

11

loss by not visiting the property and producing even their unreasonable estimate" until "over two months after the loss," and the difference in loss assessments by the licensed public adjuster and Defendant "is further evidence that the investigation conducted by [Defendant] was both unreasonable and merely conducted as a pretext to continue to deny the claim." *Id.* at 8. In the reply (Dkt. 16), Defendant reiterates that "[t]he only claim-related dates alleged by Plaintiff in her Petition are the alleged dates of [Defendant's] estimates" and Plaintiff "does not allege when Plaintiff reported the claim, when [Defendant] acknowledged the [c]laim, when Plaintiff responded to any attempts at contact or submitted any requested information, when [Defendant] made or did not make any claim payments, or any other factual information . . . ." *Id.* at 6.

While Plaintiff contends Defendant seeks dismissal of these claims under Rule 9(b), Defendant's arguments are that Plaintiff "does not plead any facts whatsoever" of the dates Defendant acknowledged the claim, commenced the investigation, requested particular information, affirmed or denied coverage, or that Defendant should have paid the amount Plaintiff contends was owed on the claim. Dkt. 13 at 8. Defendant argues that Plaintiff has made only conclusory assertions—i.e., these allegations are insufficiently pleaded not only under Rule 9(b), but also under Rule 8(a). *See Ray v. CitiMortgage, Inc.*, No. A-11-CA-441-SS, 2011 WL 3269326, at *2 (W.D. Tex. July 25, 2011) ("Conclusory assertions set aside, and considering only well-pleaded factual allegations, a complaint will only survive a motion for dismissal if the plaintiff pleads sufficient facts to state a claim for relief that is facially plausible." (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570)).

It is clear that "Sections 542.055–542.058 do not appear to contain a fraud element that would support applying Rule 9(b)'s heightened standard." *Albracht v. Indem. Ins. Co. of N. Am.*, No. 2:19-CV-72-Z-BR, 2019 WL 7040333, at *4 (N.D. Tex. Nov. 20, 2019), *supplemented*, No.

12

2019 WL 7040299 (N.D. Tex. Dec. 2, 2019), *R. & R. adopted*, 2019 WL 7039749 (N.D. Tex. Dec. 20, 2019). But Plaintiff does not plead sufficiently under Rule 8(a). Defendant is correct that Plaintiff does not identify the date she notified Defendant of her claim, such that Defendant was required to act within a certain time period under Section 542.055; nor does Plaintiff allege when Defendant received all items, statements, and forms required by Defendant, or when Defendant rejected the claim. *See Albracht*, 2019 WL 7040333, at *5 (citing Tex. Ins. Code §§ 542.055, .056(a); *Stewart v. Nationwide Prop. & Cas. Ins. Co.*, No. CIV.A. H-10-3021, 2011 WL 4592256, at *7 (S.D. Tex. Sept. 29, 2011)).

Finally, Plaintiff does not plead facts that Defendant agreed to pay part or all of her claim as required by Section 542.057(a) to trigger Defendant's obligation to act or when such notification occurred, or that Defendant received all items, statements, and forms required under Section 542.055 to become obligated to act within a certain time period as required by Section 542.058. *See id.* (citing Tex. Ins. Code §§ 542.055, .056(a)); *Carter*, 2011 WL 2193385, at *2 ("[T]he petition essentially repeats the language of §§ 541 and 542 of the Texas Insurance Code . . . Conclusory allegations that do no more than repeat the elements of the claim are insufficient under Rule 8 of the Federal Rules of Civil Procedure."); *Tiras v. Encompass Home & Auto Ins. Co.*, Civ. No. 4:10–cv–03266, 2011 WL 5827298, at *5 (S.D. Tex. Nov. 17, 2011) ("[The plaintiffs] state that [the defendant] delayed payment of their claim 'longer than allowed.' Indeed, [the plaintiffs] allege that [the defendant] has still not paid them in full. Yet [the plaintiffs] have not provided facts to support their conclusory allegations.").

As Plaintiff fails to plead these requisite facts and instead makes conclusory assertions, Plaintiff fails to plead her TPPCA claim under Rule 8(a).

### C. Good Faith and Fair Dealing

"'A cause of action for breach of duty of good faith and fair dealing is stated when it is alleged that there is no reasonable basis for denial of a claim or delay in payment or a failure on the part of the insurer to determine whether there is any reasonable basis for the denial or the delay.'" *Luna v. Nationwide Prop. & Cas. Ins. Co.*, 798 F. Supp. 2d 821, 829 (S.D. Tex. 2011) (quoting *Arnold v. Nat'l Cnty. Mutual Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987)); *see also Viles v. Security Nat'l Ins. Co.*, 788 S.W.2d 566, 568 (Tex. 1990) (holding that the special relationship between the insurer and the insured imposes upon the insurer a duty to investigate thoroughly and in good faith). The standard for a common law breach of the duty of good faith and fair dealing claim is the same as that for the statutory good faith and fair dealing claims. *See Progressive Cnty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005) (per curiam).

Accordingly, "[a]n insurer may . . . be liable for damages for breach of its duty of good faith and fair dealing when the insurer fails to attempt to effectuate a settlement where its liability has become reasonably clear or where it fails to reasonably investigate a claim in order to determine whether its liability is reasonably clear." *Luna*, 798 F. Supp. 2d at 830 (citing *Universe Life Ins. v. Giles*, 950 S.W.2d 48, 50–51, 55, 56 n.5 (Tex. 1997)). An insurer also "breaches its duty of good faith and fair dealing when 'the insurer has no reasonable basis for denying or delaying payment of [a] claim, and [the insurer] knew or should have known that fact.'" *Id.* (citing *Giles*, 950 S.W.2d at 56).

Defendant argues Plaintiff fails to state a claim because her assertions are conclusory and her allegation that her public adjuster's estimate was a higher amount than Defendant's estimate is not sufficient to state a claim. Dkt. 13 at 4. Plaintiff argues that while bona fide coverage disputes do not demonstrate bad faith, "an insurer fails to conduct a reasonable investigation if the

14

investigation is conducted as a pretext for denying the claim." Dkt. 15 at 8. In the reply (Dkt. 16), Defendant argues Plaintiff does not actually assert there was a pretextual investigation in her complaint (Dkt. 5) and "the word 'pretext' does not appear" anywhere in the complaint (Dkt. 5). Dkt. 16 at 8. Defendant further argues Plaintiff's allegations regarding the difference between the public licensed adjuster's damage estimate and Defendant's damage estimate is insufficient to establish a bad faith claim. *Id.*

Plaintiff's allegations in her complaint (Dkt. 5) are almost entirely conclusory assertions. As explained above, this is insufficient to state a claim under Rule 8(a). And Defendant is correct that Plaintiff never in fact alleged a pretextual investigation in her complaint (Dkt. 5), but rather has asserted this (conclusory) argument in her response. Further, Plaintiff's assertions that the difference in estimates is sufficient to show pretext fails because Plaintiff does not allege facts that Defendant's liability "was reasonably clear, that [Plaintiff's] claims were covered under particular provisions of the policy, what [Defendant] knew at the time it denied her claims, any proposed settlement with in the policy limits that [Defendant] failed to effectuate, why and how [Defendant's] payments were unreasonably delayed, or where its investigation was not reasonable." *Hudgens v. Allstate Tex. Lloyd's*, No. CIV.A. H-11-2716, 2012 WL 2887219, at *7 (S.D. Tex. July 13, 2012) (citing *Hibbets v. Lexington Ins. Co.*, 377 F. App'x. 352, 355–56 (5th Cir. 2010) (per curiam)).

Accordingly, Plaintiff has failed to state a good faith and fair dealing claim under Rule 8(a).

### D. Leave to Amend

"When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least once chance to amend the complaint under Rule 15(a) before dismissing the action

15

with prejudice." *Carter*, 2011 WL 2193385, at *3 (citing Great *Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). As this is the Court's first opportunity to consider the sufficiency of Plaintiff's pleadings and it is not "clear that the defects are incurable," the Court finds it is appropriate to give Plaintiff leave to amend before dismissing with prejudice her extra-contractual claims.³ *See Great Plains Tr. Co.*, 313 F.3d at 329; *see also Tedder*, 2011 WL 1806516, at *5 (granting the plaintiff leave to amend Texas Insurance Code, TCPPA, and common law duty of good faith and fair dealing claims); *Taylor v. Coca-Cola Co.*, No. 3:20-CV-2880-D, 2020 WL 6799257, at *2 (N.D. Tex. Nov. 19, 2020) (granting leave to amend as the plaintiffs filed their petition under the Texas pleading rules that applied before the case was removed to federal court). Therefore, the Court recommends Plaintiff be given leave to amend to comply with Rule 8(a) and Rule 9(b).

### IV.  RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion (Dkt. 15) be **GRANTED**. The Court further recommends Plaintiff's extra-contractual claims be **DISMISSED WITHOUT PREJUDICE**, and Plaintiff be given leave to file an amended complaint no later than fourteen (14) days after the entry of a Memorandum Adopting Report and Recommendation, if any.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

---

³ The Order and Advisory (Dkt. 9) sets forth a pleading schedule providing Plaintiff thirty days from the receipt of the Order and Advisory (Dkt. 9) in which to file an amended complaint. *See id.* The Order and Advisory (Dkt. 9) further provides that Defendant's amended answer is due "twenty (20) days from *receipt of the amended complaint.*" *Id.* (emphasis added). After receiving the Order and Advisory, Plaintiff did not file an amended complaint. To the extent Defendant relies on Plaintiff not filing an amended complaint as suggested by the Order and Advisory (Dkt. 9) as an additional basis for dismissal, the Court rejects this argument. As stated in the Order and Advisory (Dkt. 9), "The Federal Rules of Civil Procedure do not require parties to replead following removal." *Id.*.

A party filing objections is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 2nd day of August, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE